NO. 07-11-00440-CV
 
 IN THE COURT OF APPEALS
 
 FOR THE SEVENTH DISTRICT OF TEXAS
 
 AT AMARILLO
 
 PANEL C
 
--------------------------------------------------------------------------------
NOVEMBER 16, 2011
--------------------------------------------------------------------------------

 
 IN RE ARTHUR R. MORRISON, RELATOR
--------------------------------------------------------------------------------

 

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

 ON PETITION FOR WRIT OF MANDAMUS
Relator, Arthur R. Morrison, has filed a document that he has titled a grievance, but that this Court has construed to be a petition for writ of mandamus. By his petition, Morrison appears to complain that the Potter County District Clerk has not properly filed petitions or other legal documents in at least three different suits. We deny the petition.
Texas Rule of Appellate Procedure 52.3 identifies the requirements of a petition for writ of mandamus filed in this Court. Morrison has failed to comply with these requirements. Rule 52.3(a) requires that a petition must include a complete list of all parties and the names and addresses of all counsel. Morrison does not include any such list. Morrison appears to direct all of his complaints against Potter County District Clerk, Caroline Woodburn, "and her inferior Clerk's." Rule 52.3(b) requires that the petition include a table of contents with references to the pages of the petition and an indication of the subject matter of each issue or point raised in the petition. Morrison's petition includes no table of contents. Rule 52.3(c) requires that a petition include an index of authorities in which all authorities cited in the petition are arranged alphabetically and the page(s) upon which the authorities are cited is indicated. Morrisons petition includes no index of authorities. Rule 52.3(d) requires a statement of the case that includes a concise description of the nature of the underlying proceeding. Morrisons petition does not contain a statement of the case, and does not include a concise description of the nature of the underlying proceeding. Rule 52.3(e) requires the petition include a statement regarding the basis of this Court's jurisdiction. Morrison's petition does not include a jurisdictional statement. Rule 52.3(f) requires the petition include a concise statement of all issues or points presented for relief. Morrison's petition includes no such statement. Rule 52.3(g) requires the petition include a statement of facts supported by citation to competent evidence included in the appendix or record. Morrison's petition does not include a statement of facts. Rule 52.3(h) requires a clear and concise argument for the contentions made, with appropriate citations to authorities. Morrison's argument is not clear nor does it include any citations to authority. Rule 52.3(i) requires the petition include a short conclusion that clearly states the nature of the relief sought. Morrison's petition does not clearly state the nature of the relief sought. Rule 52.3(j) requires that Morrison certify that he has reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record. Morrison does not so certify. Finally, Rule 52.3(k)(1)(A) requires that the appendix to the petition include a certified or sworn copy of any order complained of, or other document showing the matter complained of. Morrison has not included an appendix to his petition. As each of these items is required in a petition for writ of mandamus and Morrison has failed to comply with these requirements, we may not grant the relief that he requests.
Additionally, Texas Rule of Appellate Procedure 9.5 requires that, at or before the time that a document is filed with this Court, a copy of the document must be served on all parties to the proceeding. Morrison's petition does not include a certificate of service or otherwise establish that any purported parties to this proceeding were served with Morrison's petition.
For the foregoing reasons, we deny Morrison's petition.

 Mackey K. Hancock
 Justice